**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01265-WDM-MEH
(Consolidated with 05-cv-01344-WDM-MEH)

WEST PALM BEACH FIREFIGHTERS' PENSION FUND,
On Behalf of Itself, and All Others Similarly Situated,

      Plaintiff,

v.

STARTEK, INC., et al.,

      Defendants.

---

**ANSWER OF DEFENDANTS STARTEK, INC., A. EMMET STEPHENSON, JR.,
WILLIAM E. MEADE, JR., MICHAEL W. MORGAN, EUGENE L. MCKENZIE, JR.,
PAMELA S. OLIVER, AND TONI E. STEPHENSON TO  AMENDED CONSOLIDATED
COMPLAINT**

---

Defendants StarTek, Inc. ("StarTek"), A. Emmet Stephenson, Jr., William E. Meade, Jr., Michael W. Morgan, Eugene L. McKenzie, Jr., Pamela S. Oliver, Toni E. Stephenson (collectively "Defendants") hereby answer the Amended Consolidated Complaint ("ACC"). To the extent not specifically admitted, each and every allegation of the ACC is denied.

1.        Answering Paragraph 1, Defendants admit that Plaintiff purports to bring this lawsuit as a class action, admit that Plaintiff purports to include certain persons or entities in the putative Class, admit that Plaintiff alleges a period of time that Plaintiff refers to as the "Class Period," and admit that Plaintiff purports to bring this action under the federal securities laws. Defendants further admit that Plaintiff purtports to name them as Defendants in this action. Defendants further admit that Toni E. Stephenson is the wife of and that Pamela S. Oliver is the sister of Emmet Stephenson, Jr.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 1.

2.        Answering Paragraph 2, Defendants note Paragraph 2 contains legal conclusions, which require no response.  To the extent that Paragraph 2 purports to contain factual allegations requiring a response, Defendants admit that on certain dates StarTek filed reports with the U.S. Securities and Exchange Commission ("SEC") and refer Plaintiff to those documents for their true and correct contents.  Defendants further admit that in or about November 2003, StarTek's Board of Directors declared a quarterly cash dividend of $0.37 per share.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 2.

3.        Answering Paragraph 3, Defendants note Paragraph 3 contains legal conclusions, which require no response.  To the extent that Paragraph 3 purports to contain factual allegations requiring a response, Defendants admit that on or about February 17, 2004, StarTek filed a Registration Statement and refer Plaintiff and the Court to that document for its true and correct

- 1 -

contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 3.

4.        Answering Paragraph 4, Defendants note Paragraph 4 contains legal conclusions, which require no response.  To the extent that Paragraph 4 purports to contain factual allegations requiring a response, Defendants admit that on April 13, 2004, StarTek filed SEC Form S-3 and refer Plaintiff and the Court to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 4.

5.        Answering Paragraph 5, Defendants admit that on February 18, 2005, StarTek issued a press release, entitled "StarTek, Inc. Announces Management Change," and refer Plaintiff and the Court to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 5.

6.        Answering Paragraph 6, Defendants admit that on February 18, 2005, StarTek issued a press release, entitled "StarTek, Inc. Announces Management Change," and refer Plaintiff and the Court to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 6.

7.        Answering Paragraph 7, Defendants admit that on May 6, 2005, StarTek issued an earnings release, and refer Plaintiff to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 7.

8.        Answering Paragraph 8, Defendants deny the allegations in Paragraph 8.

9.        Answering Paragraph 9, Defendants admit that StarTek filed SEC Form S-1 and refer Plaintiff and the Court to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 9.

10.    Answering Paragraph 10, Defendants admit the first sentence of Paragraph 10. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 10.

11.    Answering Paragraph 11, Defendants admit that Michael W. Morgan served as StarTek's CEO until or about June 2001. Defendants further admit that William E. Meade was named StarTek's CEO in June 2001. Defendants further admit that Michael W. Morgan was named Vice-Chairman of the Board in or about June 2001. Defendants further admit that in or about August 2001, Dennis Swenson retired as StarTek's CFO. Defendants further admit that in or about August 2001, David Rosenthal was named StarTek's CFO. Defendants further admit that in 2002, StarTek filed an annual report with the SEC and refer Plaintiff and the Court to that document for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 11.

12.    Answering Paragraph 12, Defendants admit that on February 26, 2003, StarTek issued a press release and refer Plaintiff and the Court to that document for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 12.

13.    Answering Paragraph 13, Defendants admit that in or about February 2003, StarTek filed an annual report for 2002 with the SEC and refer Plaintiff and the Court to that document for its true and correct contents. Defendants further admit that at various times StarTek employed Michael Burke, Blake Willardsen, and Michael Griffith in the sales department. Defendants further admit that William E. Meade served as Acting SVP of Sales. Defendants further admit that StarTek publicly announced that Michael Griffith was named SVP of Sales during a March 3, 2005 investor and analyst conference call. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 13.

- 3 -

14.    Answering Paragraph 14, Defendants admit that at various times StarTek employed Blake Willardsen as SVP of Sales, Lance Zingale as Chief Operating Officer ("COO"), and David Rosenthal as Chief Financial Officer ("CFO"). Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 14.

15.    Answering Paragraph 15, Defendants admit that StarTek employed Lance Zingale as COO. Defendants further admit that Lance Zingale left StarTek in or about September 2005. Defendants further admit that StarTek employed David Rosenthal as CFO. Defendants further admit that StarTek named Eugene L. McKenzie, Jr. Executive Vice President and CFO in or about November 2003, and that, prior to that, Mr. McKenzie served as a Controller. Defendants further admit that Eugene L. McKenzie, Jr. left StarTek in or about October 2004. Defendants further admit that on or about January 3, 2005, StarTek hired Steven Butler as CFO. Defendants further admit that Rod Granger served as interim CFO, and was appointed CFO in or about August 2005. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 15.

16.    Answering Paragraph 16, Defendants deny each and every allegation in Paragraph 16.

17.    Answering Paragraph 17, Defendants admit that on or about August 5, 2003, StarTek declared a quarterly cash dividend of $0.36 per share. Defendants further admit that StarTek issued public statements and refer Plaintiff and the Court to those documents for their true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 17.

18.    Answering Paragraph 18, Defendants deny each and every allegation in Paragraph 18.

19.     Answering Paragraph 19, Defendants admit that on StarTek issued public statements and refer Plaintiff and the Court to those documents for their true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 19.

20.     Answering Paragraph 20, Defendants note that the allegations in Paragraph 20 are directed to parties other than Defendants, requiring no response by Defendants. To the extent that Paragraph 20 purports to contain factual allegations requiring a response from Defendants, Defendants deny each and every allegation of Paragraph 20.

21.     Answering Paragraph 21, Defendants deny each and every allegation of Paragraph 21.

22.     Answering Paragraph 22, Defendants note Paragraph 22 contains legal conclusions, which require no response. To the extent that Paragraph 22 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 22.

23.     Answering Paragraph 23, Defendants note Paragraph 23 contains legal conclusions, which require no response. To the extent that Paragraph 23 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 23.

24.     Answering Paragraph 24, Defendants deny each and every allegation of Paragraph 24.

25.     Answering Paragraph 25, Defendants admit that on February 17, 2004, StarTek filed a Registration Statement with the SEC and refer Plaintiff and the Court to that document for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 25.

26.      Answering Paragraph 26, Defendants note that the allegations in Paragraph 26 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 26 for its true and correct contents. Defendants further deny each and every allegation in Paragraph 26.

27.      Answering Paragraph 27, Defendants admit that StarTek filed SEC Form S-3 on or about April 13, 2004 and refer Plaintiff and the Court to that document for its true and correct contents. Defendants note that the allegations in the third and subsequent sentences of Paragraph 27 are directed to parties other than Defendants, requiring no response by Defendants. To the extent the allegations in the third and subsequent sentences of Paragraph 27 require a response by Defendants, Defendants refer Plaintiff and the Court to the document referenced in Paragraph 27 for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 27.

28.      Answering Paragraph 28, Defendants deny each and every allegation in Paragraph 28.

29.      Answering Paragraph 29, Defendants admit that on May 5, 2004, some of the Defendants issued public statements and refer Plaintiff and the Court to those documents for their true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 29.

30.      Answering Paragraph 30, Defendants admit that on June 9 and 10, 2004, StarTek conducted an offering of 4.4 million shares of common stock at $33.00 per share. Defendants further admit that on June 10, 2004, StarTek issued a press release and refer Plaintiff and the Court to that document for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 30.

31.       Answering Paragraph 31, Defendants admit that on July 28, 2004, StarTek announced 2Q-04 results and refer Plaintiff and the Court to that document for its true and correct contents.   Defendants further note that certain allegations in the ninth and sixteenth sentences of Paragraph 31 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the documents referenced in Paragraph 31 for their true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 31.

32.       Answering Paragraph 32, Defendants admit that on October 1, 2004 StarTek filed SEC Form 8-K with the SEC and refer Plaintiff and the Court to that document for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 32.

33.       Answering Paragraph 33, Defendants admit that on November 4, 2004, StarTek issued an earnings press release and refer Plaintiff and the Court to that document for its true and correct contents.   Defendants further note that certain allegations in the second and third sentences of Paragraph 33 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 33 for its true and correct contents.   Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 33.

34.       Answering Paragraph 34, Defendants deny each and every allegation in Paragraph 34.

35.       Answering Paragraph 35, Defendants note that the allegations in the sixth sentence of Paragraph 35 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 35

for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 35.

36.    Answering Paragraph 36, Defendants note that the allegations in the third, fourth, and fifth sentences of Paragraph 36 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 36 for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 36.

37.    Answering Paragraph 37,  Defendants admit that on February 4, 2005, StarTek issued a press release and refer Plaintiff and the Court to that document for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 37.

38.    Answering Paragraph 38, Defendants admit that on February 18, 2005, StarTek issued a press release, entitled "StarTek, Inc. Announces Management Change," and refer Plaintiff and the Court to that document for its true and correct contents.  Defendants further note that the allegations in the third and fourth sentences of Paragraph 38 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 38 for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 38.

39.    Answering Paragraph 39, Defendants admit that on March 3, 2005, StarTek made an earnings announcement and refer Plaintiff and the Court to that document for its true and correct contents.  Defendants further admit that on that same day StarTek held a conference call for analysts and refer Plaintiff and the Court to the documents referenced in Paragraph 39 for their true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 39.

- 8 -

40.    Answering Paragraph 40, Defendants admit that on May 6, 2005, StarTek issued a press release and refer Plaintiff and the Court to that document for its true and correct contents. Defendants further admit on the same day StarTek held a conference call for analysts and refer Plaintiff and the Court to the documents referenced in Paragraph 40 for their true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 40.

41.    Answering Paragraph 41, Defendants admit that StarTek's common stock was traded on the New York Stock Exchange, but deny that there was an efficient market for these shares or that the NYSE prices necessarily reflect all actual sales prices. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 41.

42.    Answering Paragraph 42, Defendants admit that the Court has jurisdiction over this action. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 42.

43.    Answering Paragraph 43, Defendants admit that venue is proper in this District. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 43.

44.    Answering Paragraph 44, Defendants note Paragraph 44 contains legal conclusions, which require no response. To the extent that Paragraph 44 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 44.

45.    Answering Paragraph 45, Defendants note that Paragraph 45 does not purport to require a response from Defendants.

46.    Answering Paragraph 46, Defendants admit that StarTek is a Delaware corporation, headquartered in Denver, Colorado. Defendants further admit the allegations in the

second, third, fourth, and sixth sentences of Paragraph 46. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 46.

47.    Answering Paragraph 47, Defendants refer Plaintiff and the Court to StarTek's annual report for 2002, filed on SEC Form 10-K on March 23, 2003 for that document's true and correct contents. Defendants further note that Paragraph 47 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

48.    Answering Paragraph 48, Defendants admit that A. Emmet Stephenson, Jr. co-founded StarTek in 1987 and served as the Chairman of the Board of Directors of StarTek after its formation. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 48.

49.    Answering Paragraph 49, Defendants admit that William E. Meade, Jr. ("Mr. Meade") served as StarTek's President and Chief Executive Officer from June 2001 until February 16, 2005. Defendants further admit that in the two years prior to the purported class period, Mr. Meade sold no shares of StarTek stock. Defendants further admit that during the purported class period, Mr. Meade sold 15,000 shares of StarTek stock. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 49.

50.    Answering Paragraph 50, Defendants admit that Michael W. Morgan ("Mr. Morgan") co-founded StarTek in 1987 and has served as Vice Chairman of the Board of the Company and as a director of StarTek. Defendants further admit that in the two years prior to the purported class period, Mr. Morgan sold 397,800 shares of StarTek's stock. Defendants further admit that during the purported class period, Mr. Morgan sold 142,600 shares of StarTek's stock. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 50.

51.        Answering Paragraph 51, Defendants admit that Eugene L. McKenzie, Jr. ("Mr. McKenzie") served as Executive Vice President and Chief Financial Officer and prior to that as Vice President and Corporate Controller.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 51.

52.        Answering Paragraph 52, Defendants admit that Toni E. Stephenson is the wife of A. Emmet Stephenson, Jr.  Defendants further admit that Toni E. Stephenson was a director of StarPak, Inc. and StarPak International, Ltd.  Defendants further admit that Toni E. Stephenson has served as Vice President of those companies.  Defendants further admit that on December 31, 2003, StarTek filed SEC Form 10-K and refer Plaintiff and the Court to that document for its true and correct contents.  Defendants further admit that in the two years prior to the purported class period, Toni E. Stephenson sold no shares of StarTek stock.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 52.

53.        Answering Paragraph 53, Defendants admit that Pamela S. Oliver ("Ms. Oliver") is the sole trustee of the FASSET Trust and MASSET Trust and has sole voting power and investment power with respect to the common stock held by the trusts.  Defendants further admit that Ms. Oliver is the sister of A. Emmet Stephenson, Jr.  Defendants further admit that Ms. Oliver was a director of StarPak, Inc. and StarPak International, Ltd.  Defendants further admit that Ms. Oliver has served as Vice President of those companies.  Defendants further admit that on December 31, 2003, StarTek filed SEC Form 10-K and refer Plaintiff and the Court to that document for its true and correct contents.  Defendants further admit that in two years prior to the purported class period, the MASSET and FASSET trusts sold no shares of StarTek. Defendants further admit that during the purported class period, the MASSET and FASSET trusts sold 100% of their holdings.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 53.

54.    Answering Paragraph 54, Defendants note that the first sentence of Paragraph 54 does not purport to require a response by Defendants.   To the extent that Paragraph 54 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 54.

55.    Answering Paragraph 55, Defendants deny each and every allegation in Paragraph 55.

56.    Answering Paragraph 56, Defendants deny each and every allegation in Paragraph 56.

57.    Answering Paragraph 57, Defendants note Paragraph 57 contains legal conclusions, which require no response.   To the extent that Paragraph 57 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 57.

58.    Answering Paragraph 58, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

59.    Answering Paragraph 59, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

60.    Answering Paragraph 60, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

61.    Answering Paragraph 61, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

62.    Answering Paragraph 62, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

63.    Answering Paragraph 63, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

64.    Answering Paragraph 64, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

65.    Answering Paragraph 65, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations. Defendants further note that Paragraph 65 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

66.    Answering Paragraph 66, Defendants admit that two of StarTek's primary operating divisions were: Supply Chain Management Services and Businesses Process Management Services.  Defendants further note that Paragraph 66 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

67.    Answering Paragraph 67, Defendants admit that in 2002 StarTek filed an annual report with the SEC and refer Plaintiff and the Court to that documents for its true and correct contents.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations. Defendants further note that Paragraph 67 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

68.    Answering Paragraph 68, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations. Defendants further note that Paragraph 68 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

69.    Answering Paragraph 69, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations. Defendants further note that Paragraph 69 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

70.    Answering Paragraph 70, Defendants admit that in 2003 StarTek filed SEC Form 10-K and refer Plaintiff and the Court to that document for its true and correct contents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations. Defendants further note that Paragraph 70 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

71.    Answering Paragraph 71, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

72.        Answering Paragraph 72, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

73.        Answering Paragraph 73, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

74.        Answering Paragraph 74, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

75.        Answering Paragraph 75, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

76.        Answering Paragraph 76, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

77.        Answering Paragraph 77, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

78.        Answering Paragraph 78, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

79.        Answering Paragraph 79, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

80.        Answering Paragraph 80, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

81.        Answering Paragraph 81, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

82.        Answering Paragraph 82, Defendants admit that on November 4, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 82 for its true and correct contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.  Defendants further specifically deny each and every remaining allegation of Paragraph 82.

83.        Answering Paragraph 83, Defendants admit that in or about November 2004, StarTek held an analyst conference call and refer Plaintiff and the Court to the document referenced in Paragraph 83 for its true and correct contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.  Defendants further specifically deny each and every remaining allegation of Paragraph 83.

84.        Answering Paragraph 84, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

85.     Answering Paragraph 85, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

86.     Answering Paragraph 86, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

87.     Answering Paragraph 87, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

88.     Answering Paragraph 88, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

89.     Answering Paragraph 89, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

90.     Answering Paragraph 90, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

91.     Answering Paragraph 91, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

92.    Answering Paragraph 92, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

93.    Answering Paragraph 93, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

94.    Answering Paragraph 94, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

95.    Answering Paragraph 95, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

96.    Answering Paragraph 96, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witness purportedly told Plaintiff and, on that basis, deny such allegations.

97.    Answering Paragraph 97, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witnesses purportedly told Plaintiff and, on that basis, deny such allegations.

98.    Answering Paragraph 98, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witnesses purportedly told Plaintiff and, on that basis, deny such allegations.

99.    Answering Paragraph 99, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what confidential witnesses purportedly told Plaintiff and, on that basis, deny such allegations.

100.    Answering Paragraph 100, Defendants deny the allegations in Paragraph 100.

101.    Answering Paragraph 101, Defendants admit that on February 26, 2003 StarTek issued a press release, entitled "StarTek, Inc. Fourth Quarter Earnings Per Share Grow" and refer Plaintiff and the Court to that document for its true and correct contents.

102.    Answering Paragraph 102, Defendants deny each and every allegation in Paragraph 102.

103.    Answering Paragraph 103, Defendants admit that on May 7, 2003, StarTek issued a press release, entitled "StarTek Reports First Quarter Results" and refer Plaintiff and the Court to that document for its true and correct contents.

104.    Answering Paragraph 104, Defendants note that the allegations in Paragraph 104 are directed to parties other than Defendants, requiring no response by Defendants.    Defendants refer Plaintiff and the Court to the document referenced in Paragraph 104 for its true and correct contents.

105.    Answering Paragraph 105, Defendants admit on August 5, 2003, StarTek issued a press release, entitled "StarTek, Inc. Initiates Quarterly Cash Dividend and Reports Second Quarter Earnings" and refer Plaintiff and the Court to that document for its true and correct contents.

106.    Answering Paragraph 106, Defendants deny each and every allegation in Paragraph 106.

107.    Answering Paragraph 107, Defendants admit that on October 15, 2003 StarTek issued a press release, entitled "StarTek, Inc. Announces Opening of 18th Facility" and refer Plaintiff and the Court to that document for its true and correct contents.

108.    Answering Paragraph 108, Defendants admit that on November 3, 2003 StarTek issued a press release, entitled "Demand for Wireless Portability Services Triggers capacity Addition" and refer Plaintiff and the Court to that document for its true and correct contents.

109.    Answering Paragraph 109, Defendants note that the allegations in Paragraph 109 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 109 for its true and correct contents.

110.    Answering Paragraph 110, Defendants admit that on November 5, 2003 StarTek issued a press release, entitled "StarTek's Net Income Up 31% in Third Quarter; Quarterly Dividend is Increased to $.37 Per Share" and refer Plaintiff and the Court to that document for its true and correct contents.

111.    Answering Paragraph 111, Defendants note that the allegations in Paragraph 111 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 111 for its true and correct contents.

112.    Answering Paragraph 112, Defendants deny each and every allegation in Paragraph 112.

113.    Answering Paragraph 113, Defendants deny each and every allegation in Paragraph 113. Defendants further note that Paragraph 113 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

114.    Answering Paragraph 114, Defendants admit that on February 17, 2004, StarTek filed a Registration Statement relating to its proposed public offering and refer Plaintiff and the Court to that document for its true and correct contents.  Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 114.

115.    Answering Paragraph 115, Defendants deny each and every allegation in Paragraph 115.

116.    Answering Paragraph 116, Defendants admit that on February 27, 2004, Defendants issued a press release, entitled "StarTek, Inc. Fourth Quarter EPS up 20%" and refer Plaintiff and the Court to that document for its true and correct contents.

117.    Answering Paragraph 117, Defendants deny each and every allegation in Paragraph 117.

118.    Answering Paragraph 118, Defendants note that the allegations in Paragraph 118 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 118 for its true and correct contents.

119.    Answering Paragraph 119, Defendants admit the allegations in Paragraph 119.

120.    Answering Paragraph 120, Defendants admit that on April 13, 2004, StarTek filed Amendment No. 2 to SEC Form S-3 Registration Statement and refer Plaintiff and the Court to that document for its true and correct contents.

121.    Answering Paragraph 121, Defendants note that the allegations in Paragraph 121 are directed to parties other than Defendants, requiring no response by Defendants.  Defendants refer Plaintiff and the Court to the document referenced in Paragraph 121 for its true and correct contents.

122.    Answering Paragraph 122, Defendants admit that on May 5, 2004, StarTek issued a press release, entitled "StarTek, Inc. First Quarter EPS Up 59% on Revenue Increase of 28%; Increased Quarterly Dividend to $0.39" and refer Plaintiff and the Court to that document for its true and correct contents.

123.    Answering Paragraph 123, Defendants deny each and every allegation in Paragraph 123.

124.    Answering Paragraph 124, Defendants admit on May 18, 2004, StarTek filed Amendment No. 3 to SEC Form S-3 Registration Statement and refer Plaintiff and the Court to that document for its true and correct contents.

125.    Answering Paragraph 125, Defendants admit that on May 25, 2004, StarTek filed Amendment No. 4 to SEC Form S-3 Registration Statement and refer Plaintiff and the Court to that document for its true and correct contents.

126.    Answering Paragraph 126, Defendants admit that on June 9, 2004, StarTek issued a Prospectus and refer Plaintiff and the Court to that document for its true and correct contents.

127.    Answering Paragraph 127, Defendants admit that on or about June 9 or 10, 2004, StarTek issued a press release, entitled "StarTek, Inc. Announces Pricing of Common Stock in Public Offering by Selling Stockholders" and refer Plaintiff and the Court to that document for its true and correct contents.

128.    Answering Paragraph 128, Defendants admit that on July 28, 2004, StarTek issued a press release, entitled "StarTek, Inc. Reports Second Quarter Earnings Increaser of 52%" and refer Plaintiff and the Court to that document for its true and correct contents.

129.    Answering Paragraph 129, Defendants deny each and every allegation in Paragraph 129.

130.     Answering Paragraph 130, Defendants note that the allegations in Paragraph 130 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 130 for its true and correct contents.

131.     Answering Paragraph 131, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 131 for its true and correct contents.

132.     Answering Paragraph 132, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 132 for its true and correct contents.

133.     Answering Paragraph 133, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 133 for its true and correct contents.

134.     Answering Paragraph 134, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 134 for its true and correct contents.

135.     Answering Paragraph 135, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 135 for its true and correct contents.

136.     Answering Paragraph 136, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 136 for its true and correct contents.

137.    Answering Paragraph 137, Defendants admit that on July 29, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 136 for its true and correct contents.

138.    Answering Paragraph 138, Defendants deny each and every allegation in Paragraph 138.

139.    Answering Paragraph 139, Defendants admit the allegations in Paragraph 139.

140.    Answering Paragraph 140, Defendants note that the allegations in Paragraph 140 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 140 for its true and correct contents.

141.    Answering Paragraph 141, Defendants note that the allegations in Paragraph 141 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 141 for its true and correct contents.

142.    Answering Paragraph 142, Defendants note that the allegations in Paragraph 142 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 142 for its true and correct contents.

143.    Answering Paragraph 143, Defendants admit that on October 4, 2004, StarTek filed SEC Form 8-K with the SEC, announcing the resignation of Mr. McKenzie. Defendants refer Plaintiff and the Court to that document for its true and correct contents.

144.    Answering Paragraph 144, Defendants note that the allegations in Paragraph 144 are directed to parties other than Defendants, requiring no response by Defendants. Defendants

refer Plaintiff and the Court to the document referenced in Paragraph 144 for its true and correct contents.

145.     Answering Paragraph 145, Defendants admit that on November 4, 2004, StarTek issued a press release, entitled "StarTek, Inc. Reports Third Quarter Earnings and Raises Dividend; Board Authorized Stock Repurchase Program Up to $25 Million" and refer Plaintiff and the Court to that document for its true and correct contents.

146.     Answering Paragraph 146, Defendants admit that on November 4, 2004, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 146 for its true and correct contents.

147.     Answering Paragraph 147, Defendants note that the allegations in Paragraph 147 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 147 for its true and correct contents.

148.     Answering Paragraph 148, Defendants note that the allegations in Paragraph 148 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 148 for its true and correct contents.

149.     Answering Paragraph 149, Defendants deny each and every allegation in Paragraph 149.

150.     Answering Paragraph 150, Defendants note that the allegations in Paragraph 150 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 150 for its true and correct contents.

151.     Answering Paragraph 151, Defendants note that the allegations in Paragraph 151 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 151 for its true and correct contents.

152.     Answering Paragraph 152, Defendants deny each and every allegation in Paragraph 152. Defendants further note that Paragraph 152 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

153.     Answering Paragraph 153, Defendants deny each and every allegation in Paragraph 153. Defendants further note that Paragraph 153 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

154.     Answering Paragraph 154, Defendants admit that on January 6, 2005, StarTek issued a press release, entitled "StarTek Adds Seasoned Strength to Executive Team" and refer Plaintiff and the Court to the document referenced in Paragraph 154 for its true and correct contents.

155.     Answering Paragraph 155, Defendants note that the allegations in Paragraph 155 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 155 for its true and correct contents.

156.     Answering Paragraph 156, Defendants note that the allegations in Paragraph 156 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 156 for its true and correct contents.

157.     Answering Paragraph 157, Defendants deny each and every allegation in Paragraph 157.

158.    Answering Paragraph 158, Defendants admit that on February 4, 2005 StarTek issued a press release, entitled "StarTek Increases Quarterly Dividend to $0.42 Per Share" and refer Plaintiff and the Court to that document for its true and correct contents.

159.    Answering Paragraph 159, Defendants admit on February 18, 2005 StarTek issued a press release, entitled "StarTek, Inc. Announced Management Change" and refer Plaintiff and the Court to that document for its true and correct contents.

160.    Answering Paragraph 160, Defendants deny each and every allegation in Paragraph 160.

161.    Answering Paragraph 161, Defendants note that the allegations in Paragraph 161 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 161 for its true and correct contents.

162.    Answering Paragraph 162, Defendants note that the allegations in Paragraph 162 are directed to parties other than Defendants, requiring no response by Defendants. Defendants refer Plaintiff and the Court to the document referenced in Paragraph 162 for its true and correct contents.

163.    Answering Paragraph 163, Defendants deny each and every allegation in Paragraph 163.

164.    Answering Paragraph 164, Defendants admit that on March 3, 2005, StarTek issued a press release, entitled "StarTek Inc. Reports 2004 Earnings" and refer Plaintiff and the Court to that document for its true and correct contents.

165.    Answering Paragraph 165, Defendants note that the allegations in Paragraph 165 are directed to parties other than Defendants, requiring no response by Defendants. Defendants

refer Plaintiff and the Court to the document referenced in Paragraph 165 for its true and correct contents.

166.    Answering Paragraph 166, Defendants admit that on March 3, 2005, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 166 for its true and correct contents.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 166.

167.    Answering Paragraph 167, Defendants deny each and every allegation in Paragraph 167.

168.    Answering Paragraph 168, Defendants admit that on May 6, 2005, before the markets opened, StarTek issued a press release, entitled "StarTek Inc. Reports First Quarter Earnings" and refer Plaintiff and the Court to that document for its true and correct contents.

169.    Answering Paragraph 169, Defendants admit that on May 6, 2005, StarTek held a conference call for analysts and refer Plaintiff and the Court to the document referenced in Paragraph 169 for its true and correct contents.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 169.

170.    Answering Paragraph 170, Defendants admit that StarTek's common stock was traded on the New York Stock Exchange, but deny that there was an efficient market for these shares or that the NYSE prices necessarily reflect all actual sales prices.    Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 170.

171.    Answering Paragraph 171, Defendants note that the allegations in Paragraph 171 are directed to parties other than Defendants, requiring no response by Defendants.    Defendants refer Plaintiff and the Court to the document referenced in Paragraph 171 for its true and correct contents.

172.     Answering Paragraph 172, Defendants deny each and every allegation in Paragraph 172. Defendants further note that Paragraph 172 contains allegations not requiring a response, as any claims based on those allegations have been dismissed.

173.     Answering Paragraph 173, Defendants deny each and every allegation in Paragraph 173.

174.     Answering Paragraph 174, Defendants deny each and every allegation in Paragraph 174.

175.     Answering Paragraph 175, Defendants deny each and every allegation in Paragraph 175.

176.     Answering Paragraph 176, Defendants admit that on February 18, 2005, StarTek issued a press release, entitled "StarTek, Inc. Announces Management Change" and refer Plaintiff and the Court to that document for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 176.

177.     Answering Paragraph 177, Defendants deny each and every allegation in Paragraph 177.

178.     Answering Paragraph 178, Defendants admit that StarTek's common stock was traded on the New York Stock Exchange, but deny that there was an efficient market for these shares or that the NYSE prices necessarily reflect all actual sales prices. Defendants further admit that on May 6, 2005, StarTek issued a press release and refer Plaintiff and the Court to that documents for its true and correct contents. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 178.

179.     Answering Paragraph 179, Defendants deny each and every allegation in Paragraph 179.

180.    Answering Paragraph 180, Defendants deny each and every allegation in Paragraph 180.

181.    Answering Paragraph 181, Defendants incorporate their responses to Paragraphs 1-51, 56-180 as though fully set forth herein.

182.    Answering Paragraph 182, Defendants note that Paragraph 182 contains legal conclusions, which require no response. To the extent that Paragraph 182 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 182.

183.    Answering Paragraph 183, Defendants deny each and every allegation of Paragraph 183.

184.    Answering Paragraph 184, Defendants admit the first sentence of Paragraph 184. Except as specifically admitted herein, Defendants deny each and every allegation in Paragraph 184.

185.    Answering Paragraph 185, Defendants note that Paragraph 185 contains legal conclusions, which require no response. To the extent that Paragraph 185 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 185.

186.    Answering Paragraph 186, Defendants note that Paragraph 186 contains legal conclusions, which require no response. To the extent that Paragraph 186 purports to contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 186.

187.    Answering Paragraph 187, Defendants note that Paragraph 187 contains legal conclusions, which require no response. To the extent that Paragraph 187 purports to contain

factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 187.

188.    Answering Paragraph 188, Defendants note that the allegations in Paragraph 188 are directed to parties other than Defendants, requiring no response by Defendants.    To the extent that Paragraph 188 purports to contain factual allegations requiring a response from the Defendants, Defendants are without knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 188 and, on that basis, deny those allegations.

189.    Answering Paragraph 189, Defendants incorporate their responses to Paragraphs 1-51, 56-188 as though fully set forth herein.

190.    Answering Paragraph 190, Defendants note that Paragraph 190 contains legal conclusions, which require no response.  To the extent that Paragraph 190 purports to contain factual allegations requiring a response, Defendants deny each and every allegation in Paragraph 190.

191.    Answering Paragraph 191, Defendants note that Paragraph 191 contains legal conclusions, which require no response.  To the extent that Paragraph 191 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 191.

192.    Answering Paragraph 192, Defendants incorporate their responses to Paragraphs 1-191 as though fully set forth herein.

193.    Answering Paragraph 193, Defendants note that Paragraph 193 contains legal conclusions, which require no response.  To the extent that Paragraph 193 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 193.

194.    Answering Paragraph 194, Defendants note that Paragraph 194 contains legal conclusions, which require no response.  To the extent that Paragraph 194 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 194.

195.    Answering Paragraph 195, Defendants note that Paragraph 195 contains legal conclusions, which require no response.  To the extent that Paragraph 195 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 195.

196.    Answering Paragraph 196, Defendants note that Paragraph 196 contains legal conclusions, which require no response.  To the extent that Paragraph 196 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 196.

197.    Answering Paragraph 197, Defendants note that Paragraph 197 contains legal conclusions, which require no response.  To the extent that Paragraph 197 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 197.

198.    Answering Paragraph 198, Defendants note that Paragraph 198 contains legal conclusions, which require no response.  To the extent that Paragraph 198 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 198.

199.    Answering Paragraph 199, Defendants note that Paragraph 199 contains legal conclusions, which require no response.  To the extent that Paragraph 199 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 199.

200.     Answering Paragraph 200, Defendants incorporate their responses to Paragraphs 1-51, 56-199 as though fully set forth herein.

201.     Answering Paragraph 201, Defendants note that Paragraph 201 contains legal conclusions, which require no response.  To the extent that Paragraph 201 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 201.

202.     Answering Paragraph 202, Defendants note that Paragraph 202 contains legal conclusions, which require no response.  To the extent that Paragraph 202 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 202.

203.     Answering Paragraph 203, Defendants note that Paragraph 203 contains legal conclusions, which require no response.  To the extent that Paragraph 203 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 203.

204.     Answering Paragraph 204, Defendants note that Paragraph 204 contains legal conclusions, which require no response.  To the extent that Paragraph 204 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 204.

205.     Answering Paragraph 205, Defendants note that Paragraph 205 contains legal conclusions, which require no response.  To the extent that Paragraph 205 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 205.

206.     Answering Paragraph 206, Defendants note that Paragraph 206 contains legal conclusions, which require no response.  To the extent that Paragraph 206 purports to contain

factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 206.

207.     Answering Paragraph 207, Defendants note that Paragraph 207 contains legal conclusions, which require no response. To the extent that Paragraph 207 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 207.

208.     Answering Paragraph 208, Defendants note that Paragraph 208 contains legal conclusions, which require no response. To the extent that Paragraph 208 purports to contain factual allegations requiring a response, Defendants deny each and every allegation of Paragraph 208.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This action is not maintainable as a class action because StarTek common stock was not efficiently traded, and individual issues of reliance overwhelm any common issues.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the numerosity requirement of FED. R. CIV. P. 23(a)(1).

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the commonality requirement of FED. R. CIV. P. 23(a)(2).

/ / /

/ / /

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to satisfy the typicality requirement of FED. R. CIV. P. 23(a)(3).

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to demonstrate that the named Plaintiffs and class counsel are adequate class representatives under FED. R. CIV. P. 23(a)(4).

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to demonstrate that common questions of fact or law predominate over individual issues under FED. R. CIV. P. 23(b)(3).

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and cannot prove facts necessary to demonstrate that a class action suit would be the superior method of adjudication under FED. R. CIV. P. 23(b)(3).

### Eighth Affirmative Defense

The ACC, and each cause of action therein, fails to state a claim upon which relief can be granted.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants acted with due diligence, made a reasonable investigation, or possessed reasonable grounds for the belief that the statements in the Registration Statement were true.

### Tenth Affirmative Defense

A portion or all of the alleged damages by Plaintiff and members of the putative plaintiff class are attributable to causes other than the depreciation in value of the stock resulting from any alleged false and misleading statements or omissions made during the putative Class Period.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

### Twelfth Affirmative Defense

Plaintiff and the members of the putative plaintiff class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

### Thirteenth Affirmative Defense

The matters now claimed by the ACC to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiff and other members of the putative plaintiff class and were at all times reflected in the price of StarTek's stock.

### Fourteenth Affirmative Defense

Plaintiff and members of the putative class were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the ACC upon which they assert liability against Defendants. Thus, the actual and proximate cause of the damage to Plaintiff, if any, in whole or in part, is Plaintiff's negligence and their failure to exercise reasonable care.

///

### Fifteenth Affirmative Defense

If any false or misleading statement was made, or any material fact required to be stated or necessary to make any statement made not misleading was omitted, then Plaintiff and some or all of the putative plaintiff class were aware of that misstatement or omission and/or did not rely upon it in purchasing StarTek's common stock.

### Sixteenth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff and members of the putative plaintiff class, if any, is subject to offset in the amount of any benefits received by Plaintiff or members of the putative plaintiff class through their investments.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and in conformity with all applicable federal statutes, including the Securities Exchange Act of 1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

### Eighteenth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of the Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiff's alleged damages, pursuant to the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. § 78u-4(f)(2)(a).

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C. § 78u-5(c).

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any allegedly untrue statements of material fact, omissions of material fact, misleading statements or other challenged statements, with respect to which the liability of defendants is asserted, contained sufficient cautionary language or risk disclosure to protect Defendants against claims of securities fraud, and are thus rendered non-actionable by the "bespeaks caution" doctrine.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or part, because none of the allegedly false or misleading statements are material.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred, in whole or part, because a class proceeding in this case would violate Defendants' right to a jury trial under the Seventh Amendment and relevant statutes and laws, by depriving Defendants of the right to a jury on individual issues affecting each class member.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred, in whole or part, because maintenance of this suit a class action would violate Defendants' due process rights under the Fifth Amendment.

### Twenty-Fourth Affirmative Defense

Some or all of the named Plaintiffs lack standing to bring the claims asserted in the ACC.

<u>**Additional Affirmative Defenses**</u>

Defendants reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

**WHEREFORE,** Defendants pray that the Court enter judgment as follows:

1.  That judgment be entered in favor of the Defendants;

2.  That Plaintiff and the putative plaintiff class take nothing from Defendants by this ACC, and that the same be dismissed with prejudice;

3.  For costs, attorney's fees, expert witness fees and court hearing costs incurred herein; and

4.  For such other relief as the Court deems just and proper.

**FURTHERMORE,** Defendants demand a jury trial.

DATED:  November 18, 2008

Respectfully submitted,

s/ Koji F. Fukumura
*Koji F. Fukumura*
William E. Grauer
Mary Kathryn Kelley
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420

Paul H. Schwartz
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
FAX: (720) 566-4099
Email: schwartzph@cooley.com

**Attorneys for Defendants StarTek, Inc., A. Emmet Stephenson, Jr., William E. Meade, Jr., Michael W. Morgan, Eugene L. McKenzie, Jr., Pamela S. Oliver, Toni E. Stephenson.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2008, I electronically filed the foregoing ANSWER OF DEFENDANTS STARTEK, INC., A. EMMET STEPHENSON, JR., WILLIAM E. MEADE, JR., MICHAEL W. MORGAN, EUGENE L. McKENZIE, JR., PAMELA S. OLIVER, AND TONE E. STEPHENSON TO AMENDED CONSOLIDATED COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record at the listed email address:

| | |
|---|---|
| Anne Louise Box | anneb@csgrr.com |
| Edward P. Dietrich | edwarddietrich@aol.com |
| Henry Rosen | henryr@csgrr.com |
| Koji F. Fukumura | kfukumura@cooley.com |
| | chourani@cooley.com |
| James E. Nesland | neslandje@cooley.com |
| | foutsdl@cooley.com |
| | inghramjl@cooley.com |
| | calendarreq@cooley.com |
| Paul H. Schwartz | schwartzph@cooley.com |
| Kip Brian Shuman | KShuman@DyerShuman.com |
| | lcrisswell@dyershuman.com |
| Matthew M. Wolf | mwolf@allen-vellone.com |
| | tnovoa@allen-vellone.com |

s/ Shelley Williams
*Shelley Williams*
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
E-mail: shelley_williams@cooley.com