## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01265-WDM-MEH
(Consolidated with 05-cv-01344-WDM-MEH)

WEST PALM BEACH FIREFIGHTERS' PENSION FUND,
On Behalf of Itself and All Others Similarly Situated,

      Plaintiff,

v.

STARTEK, INC., et al.,

      Defendants.

---

## STIPULATION OF SETTLEMENT

---

This Stipulation of Settlement dated as of May 27, 2009 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Class Members), by and through its counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

On and after July 8, 2005, actions were filed in the United States District Court for the District of Colorado (the "Court") as securities class actions on behalf of purchasers of StarTek, Inc. ("StarTek") common stock during a defined period of time.

These actions were consolidated by an Order filed August 16, 2005. The consolidated actions are referred to herein collectively as the "Litigation." On December 14, 2005, the Court appointed Wayne County Employees' Retirement System, West Palm Beach Firefighters' Pension Fund, Anthony Zigmont and Stewart L. Horn (the "Wayne County Group") as lead plaintiff.

The operative complaint in the Litigation is Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed May 19, 2008. The Complaint alleges violations of §§11 and 15 of the Securities Act of 1933, §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of StarTek common stock between February 26, 2003 and May 5, 2005.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims and contentions alleged in the Litigation against it, her or him. Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it, her or him arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Class have suffered damage, that the prices of StarTek common stock were artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date, supports the claims asserted. However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such

- 2 -

as the Litigation, and the difficulties and delays inherent in such litigation. Lead Plaintiff also is mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class and, therefore, determined that it is desirable and beneficial to them that the Litigation be settled upon the terms and conditions set forth in this Stipulation.

**IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons (and their beneficiaries) who purchased StarTek common stock between February 26, 2003 and May 5, 2005 (the "Class Period"), inclusive. Excluded from the Class are the Defendants; persons who during or after the Class Period were officers or directors

- 3 -

of StarTek; any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of the Individual Defendants or their successors, heirs, assigns and legal representatives.

1.4    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above and who does not request exclusion from the Class in accordance with the procedures established by the Court.

1.5    "Class Period" means the period commencing on February 26, 2003 through and including May 5, 2005.

1.6    "Defendants" means StarTek, A. Emmet Stephenson, Jr., William E. Meade, Jr., Michael W. Morgan, Eugene L. McKenzie, Jr., Toni E. Stephenson and Pamela S. Oliver.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s), or such other person designated by the Court.

1.9    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form agreed to by the Settling Parties, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall

- 4 -

include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

1.10    "Individual Defendants" means A. Emmet Stephenson, Jr., William E. Meade, Jr., Michael W. Morgan, Eugene L. McKenzie, Jr., Toni E. Stephenson and Pamela S. Oliver.

1.11    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Plaintiff" means the Wayne County Group.

1.13    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.14    "Plaintiffs' Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, Keith F. Park, Henry Rosen, Anne L. Box, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.15    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor the Related Parties shall have any responsibility or liability with respect thereto.

- 5 -

1.16    "Related Parties" means each of a Defendant's subsidiaries, parents, divisions, joint ventures or any entity in which a Defendant has a controlling interest, together with their past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants, accountants or auditors, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, and any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.17    "Released Claims" means any and all claims (including "Unknown Claims" as defined below) arising out of, in connection with, or in any way related to, directly or indirectly, both: (i) the purchase of StarTek common stock during the Class Period; and (ii) the acts, facts, statements or omissions that were or could have been alleged by the Lead Plaintiff in the Litigation, but not covering derivative claims or claims under the Employee Retirement Income Security Act of 1974.

1.18    "Released Persons" means each and all of the Defendants and their Related Parties.

1.19    "Settlement Fund" means Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in cash, plus all interest earned thereon.

1.20    "Settling Parties" means, collectively, the Defendants and the Lead Plaintiff on behalf of itself and the Members of the Class.

1.21    "Taxes" means federal, state, local and non-U.S. income and other taxes, together with any interest, penalties or additions to tax imposed with respect thereto.

1.22    "Tax Expenses" means expenses incurred in connection with the implementation of ¶2.7, including reasonable expenses of tax attorneys and accountants retained by the Escrow Agent.

1.23    "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class

Member does not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons which, if known by him, her or it, might have affected his, her or its settlement

with and release of the Released Persons, or might have affected his, her or its decision not to object

to this settlement.    Unknown Claims include those claims in which some or all of the facts

comprising the claim may be suspected, or even undisclosed or hidden.    With respect to any and all

Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead

Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have, and by

operation of the Judgment shall have, expressly waived the provisions, rights and benefits of

California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.**

The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have,

and by operation of the Judgment shall have, expressly waived any and all provisions, rights and

benefits conferred by any law of any state or territory of the United States, or principle of common

law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff

and Class Members may hereafter discover facts in addition to or different from those which he, she

or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed

to have, and by operation of the Judgment shall have, fully, finally and forever settled and released

any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1    The principal amount of the Settlement Fund, $7,500,000.00, shall be transferred on behalf of the Defendants to the Escrow Agent on or before fifteen (15) business days after the entry of the Notice Order referenced in ¶3.1, below. Any portion of the principal amount of the Settlement Fund not timely transferred to the Escrow Agent shall bear interest at the rate of 5% per annum from the due date until transferred to the Escrow Agent. Alternatively, if any portion of the principal amount of the Settlement Fund is not timely transferred to the Escrow Agent, Lead Plaintiff may terminate this settlement.

### b. The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Fund transferred pursuant to ¶2.1 hereof, in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendants.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for StarTek.

2.4    Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Prior to the Effective Date, Plaintiffs' Lead Counsel may use up to $500,000.00 from the Settlement Fund, without further approval from StarTek, to pay costs and expenses reasonably and necessarily incurred by the Claims Administrator in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, and processing Proof of Claim and Release forms. In the event that such costs exceed $500,000.00 prior to the Effective Date, Plaintiffs' Lead Counsel shall submit a written request to StarTek's counsel seeking to utilize additional monies from the Settlement Fund for the purpose of providing notice and administering the settlement, with the understanding that consent shall not be unreasonably withheld by Defendants. In the event that the settlement is terminated, as provided for herein, notice and administration costs already paid or incurred in connection with this paragraph shall not be returned to the person(s) who paid the Settlement Fund. After the occurrence of the Effective Date, Plaintiffs' Lead Counsel may pay the reasonable and necessary costs and expense of the Claims Administrator without limitation.

### c.    Taxes

2.7    (a)    The Settling Parties and the Escrow Agent shall treat the escrow account as a "qualified settlement fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Escrow Agent and StarTek shall jointly make such elections as are necessary or advisable to carry out the provision of this ¶2.7, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1(j)(2), which election shall be made on a statement substantially in the form agreed to by the Settling Parties.

(b)    The Escrow Agent shall be the escrow account's "administrator" as that term is used in Treas. Reg. §1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required Tax returns with respect to the escrow account, including, without limitation, the returns described in Treas. Reg. §§1.468B-2(k)(1) and 1.468B-2(1)(2). The Escrow Agent shall provide for, timely pay from funds on deposit in the escrow account, and from the Settlement Fund, indemnify each of the Defendants and the Related Parties for all Taxes imposed on the income earned on the funds on deposit in the escrow account. Without limiting the foregoing, from the Settlement Fund, the Escrow Agent shall reimburse StarTek within 10 days of written demand for any such Taxes to the extent they are imposed on StarTek for a period during which the escrow account does not qualify as a "qualified settlement fund." All amounts payable pursuant to this ¶2.7 shall be paid from the Settlement Fund without prior order from the Court.

2.8    For the purpose of this ¶2.7, references to the Settlement Fund shall include any earnings thereon.

- 10 -

#### d.     Termination of Settlement

2.9     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses and Taxes actually incurred or due and owing pursuant to ¶¶2.6 and 2.7, shall be refunded pursuant to written instructions from StarTek's counsel.

#### 3.     Notice Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, approval for the mailing of a settlement notice (the "Notice"), and publication of a summary notice, all substantially in the forms attached hereto as Exhibits A-1 and A-2. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2     After notice is given, the Court shall hold a hearing (the "Settlement Hearing") at which time Plaintiffs' Lead Counsel shall request that the Court approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiffs' Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

#### 4.     Releases and Bar Order

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiff and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, shall be deemed to

have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form attached hereto as Exhibit A-2.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiff and counsel to the Lead Plaintiff from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

5.     **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay counsel to the plaintiffs attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and the expenses of Lead Plaintiff, if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the

filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

        (c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

        (d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

      5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

      5.4    Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form agreed to by the Settling Parties, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

      5.5    Except as otherwise ordered by the Court, any and all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein and the Judgment. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have the discretion to

accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.6    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of Tax refunds, uncashed checks or otherwise), Plaintiffs' Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8    No Person shall have any claim against Plaintiffs' Lead Counsel or the Claims Administrator, or other Person designated by Plaintiffs' Lead Counsel, or Defendants or their counsel based on the distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

- 14 -

Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.     Lead Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1     Plaintiffs' Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) the payment of reasonable expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Plaintiffs' Lead Counsel reserve the right to make additional applications to the Court for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiffs' Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, plaintiffs' counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on

- 15 -

the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiff's counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3   Lead Plaintiff may submit an application to the Court for reimbursement of its time and expenses incurred in the prosecution of the Litigation.

6.4   The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Lead Counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation; and any order or proceeding relating to the Fee and Expense Application, or the Lead Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.5   Defendants and their Related Parties shall have no responsibility for any payment of any type or nature whatsoever, including attorneys' fees and expenses to plaintiffs' counsel over and above payment of the Settlement Fund.

6.6   Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

- 16 -

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of

the following events:

(a)    StarTek has not exercised its option to terminate the Stipulation pursuant to

¶7.3 hereof;

(b)    the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)    the Court has entered the Judgment, or a judgment substantially in the form

agreed to by the Settling Parties; and

(d)    the Judgment has become Final, as defined in ¶1.9 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

forever extinguished.  If not all of the conditions specified in ¶7.1 hereof are met, then the

Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiffs' Lead Counsel

and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3    StarTek shall have the option to terminate the settlement in the event that Class

Members who cumulatively purchased or otherwise acquired more than a certain number of shares

of StarTek common stock during the Class Period choose to exclude themselves from the Class, as

set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff

and Defendants.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

be canceled, or shall not become effective for any reason, within five (5) business days after written

notification of such event is sent by counsel for Defendants or Plaintiffs' Lead Counsel to the

- 17 -

Escrow Agent, the Settlement Fund (including accrued interest) less expenses which have either been incurred or disbursed pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from StarTek's counsel. At the request of counsel for StarTek, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of StarTek's counsel.

7.5    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of May 26, 2009. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 2.6, 2.7, 2.9, 7.4-7.6 and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or any of plaintiffs' counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor its counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶2.6 or 2.7 hereof.

7.7    If a case is commenced with respect to a Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law,

and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of the Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction, then, at Lead Plaintiff's option, the releases given and Judgment entered in favor of the Defendants pursuant to this Stipulation shall be null and void.

7.8    Each Defendant warrants and represents as to itself, herself or himself only, that it, she, or he is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time the Settlement Fund was transferred or paid to the Escrow Agent provided by this Stipulation.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling

- 19 -

Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.6     The Stipulation (together with the Supplemental Agreement referred to in ¶7.3) constitutes the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

- 20 -

8.7    Plaintiffs' Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.8    Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.9    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.10    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.12    This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of May 27, 2009.


                                                    s/ Kip B. Shuman
                                          _____
                                                   KIP B. SHUMAN

                                          KIP B. SHUMAN
                                          THE SHUMAN LAW FIRM
                                          885 Arapahoe Blvd.
                                          Boulder, CO 80302
                                          Telephone: 303/861-3003
                                          303/830-6920 (fax)
                                          E-mail: kip@shumanlawfirm.com

                                          Liaison Counsel

                                          COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                          KEITH F. PARK
                                          HENRY ROSEN
                                          ANNE L. BOX
                                          STACEY M. KAPLAN
                                          655 West Broadway, Suite 1900
                                          San Diego, CA 92101
                                          Telephone: 619/231-1058
                                          619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SARAH R. HOLLOWAY
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

DIETRICH & ARLEO
EDWARD P. DIETRICH
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

Co-Lead Counsel for Plaintiffs

COOLEY GODWARD KRONISH LLP
KOJI F. FUKUMURA
WILLIAM E. GRAUER
MARY KATHRYN KELLEY

07|20|09

              *s/ William E. Grauer*
              WILLIAM E. GRAUER

4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858/550-6000
858/550-6420 (fax)

COOLEY GODWARD KRONISH LLP
JEFFREY A. SMITH
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: 720/566-4000
720/566-4099 (fax)

Attorneys for Defendants StarTek, Inc., A.
Emmet Stephenson, Jr., William E. Meade, Jr.,
Michael W. Morgan, Eugene L. McKenzie, Jr.,
Toni E. Stephenson, and Pamela S. Oliver

- 23 -

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 3, 2009.

s/Keith F. Park
KEITH F. PARK

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: keithp@csgrr.com

# Mailing Information for a Case 1:05-cv-01265-WDM-MEH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net

- **Anne Louise Box**
  anneb@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Edward P. Dietrich**
  edwarddietrich@aol.com,edwarddietrich@dietrichandarleo.com

- **Robert J. Dyer , III**
  bob@dyerberens.com

- **Koji F. Fukumura**
  kfukumura@cooley.com,chourani@cooley.com

- **Sarah Renee Holloway**
  sholloway@csgrr.com,hectorm@csgrr.com

- **Stacey Marie Kaplan**
  skaplan@csgrr.com,hectorm@csgrr.com

- **James E. Nesland**
  neslandje@cooley.com,pcarter@cooley.com,calendarreq@cooley.com,inghramjl@cooley.com

- **Henry Rosen**
  henryr@csgrr.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com,lisa@shumanlawfirm.com

- **Jeffrey Allen Smith**
  jsmith1@cooley.com,pcarter@cooley.com,calendarreq@cooley.com,inghramjl@cooley.com

- **Matthew M. Wolf**
  mwolf@allen-vellone.com,tnovoa@allen-vellone.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)