**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01265-WDM-MEH
(Consolidated with 05-cv-01344-WDM-MEH)

WEST PALM BEACH FIREFIGHTERS' PENSION FUND,
On Behalf of Itself and All Others Similarly Situated,

     Plaintiff,

v.

STARTEK, INC., et al.,

     Defendants.

_____

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE**
_____

     This matter is before me on the parties' Stipulation of Settlement (doc. no. 90),
Unopposed Motion for Preliminary Approval of Class Action Settlement (doc. no. 89)
and Forms submitted for approval.  Following review of the file and hearing with counsel
on October 8, 2009, I am sufficiently advised in the premises and I do therefore find,
conclude and order as follows:

     1.     I certify for settlement purposes only a Class defined as all Persons (and
their beneficiaries) who purchased StarTek, Inc. ("StarTek") common stock between
February 26, 2003 and May 5, 2005 (the "Class Period"), inclusive.  Excluded from the
Class are the Defendants; persons who during or after the Class Period were officers or
directors of StarTek; any corporation, trust, or other entity in which any Defendant has a
controlling interest; and the members of the immediate families of the Individual
Defendants or their successors, heirs, assigns, and legal representatives.  Also
excluded are those Persons who timely and validly request exclusion from the Class.

2.      With respect to the Class, I preliminarily find that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

3.      I preliminarily approve the Stipulation and the settlement set forth therein, as modified in open court on October 8, 2009, subject to further consideration at the Settlement Hearing described below.

4.      A hearing (the "Settlement Hearing") shall be held before me on December 17, 2009, at 1:30 p.m., at the Alfred A. Arraj United States Courthouse, Courtroom A902, 901 19th Street, Denver, CO 80294-3589, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to the Members of the Class and should be approved by me; whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to plaintiffs' counsel and the expenses to be reimbursed to Lead Plaintiff.  I may adjourn the

Settlement Hearing without further notice to Members of the Class other than oral announcement at the time scheduled for the Settlement Hearing or at any later hearing.

5.      I approve, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice for publication annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Plaintiffs' Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class, and, not later than October 26, 2009 (the "Notice Date") shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)      Not later than November 2, 2009, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)      At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.      Nominees who purchased the common stock of StarTek for the beneficial

ownership of Class Members during the Class Period and held the stock for such Class Member shall send the Notice and the Proof of Claim and Release to all such beneficial owners of such StarTek common stock within ten (10) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.  Plaintiffs' Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees out of the Settlement Fund, solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.      All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9.      Class Members who wish to participate in the settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than January 22, 2010.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall be bound by the Stipulation and the Judgment entered in the Litigation.  Notwithstanding the foregoing, Plaintiffs' Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially

delayed thereby.

10.     Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any such member who does not enter an appearance will be represented by Plaintiffs' Lead Counsel.

11.     Any Person otherwise falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than November 27, 2009.  A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each purchase and sale of StarTek common stock made during the Class Period by or on behalf of the Person, including the dates of each purchase or sale, the number of shares of common stock purchased and/or sold, and the price paid or received per share of common stock for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  Any Person who does not submit a timely Request for Exclusion containing all required information shall not be excluded from the Class and shall be bound by the Stipulation and the Judgment entered in the Litigation.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

12.     Any Member of the Class may appear and show cause, if he, she, or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved; why

attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs; or why the expenses of Lead Plaintiff should or should not be reimbursed; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before November 27, 2009, by Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Cooley Godward Kronish LLP, William E. Grauer, 4401 Eastgate Mall, San Diego, CA 92121, and has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Colorado, on or before November 27, 2009.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs and the reimbursement of expenses to Lead Plaintiff, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All initial papers in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees or expenses or by Lead Plaintiff for its expenses shall be filed and served by November 5, 2009.

15.     Replies to any objections shall be filed and served by December 10, 2009.

16.     Neither Defendants and their Related Parties nor Defendants' counsel

shall have any responsibility for the Plan of Allocation or for any application for attorneys' fees or expenses submitted by plaintiffs' counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17.     At or after the Settlement Hearing, I shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel and any application for attorneys' fees or expenses shall be approved.

18.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

19.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20.     I reserve the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class other than by oral announcement at the time scheduled for the Settlement Hearing or at any later rehearing, and retains jurisdiction to consider all further applications arising out of or connected with the Stipulation and

proposed settlement.  I may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED at Denver, Colorado, on October 22, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge

PDF FINAL