## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01265-WDM-MEH
(Consolidated with 05-cv-01344-WDM-MEH)

WEST PALM BEACH FIREFIGHTERS' PENSION FUND,
On Behalf of Itself and All Others Similarly Situated,

      Plaintiff,

v.

STARTEK, INC., et al.,

      Defendants.


### ORDER CONCERNING ATTORNEY FEES AND EXPENSES

This matter is before me on Plaintiff's counsel's request for attorney fees and expenses.  Final judgment was entered in this matter on December 21, 2009, and it is necessary to resolve this motion to permit distribution of settlement funds to the Class.  The motion is supported by several declarations of counsel as well as a declaration of an independent attorney, Professor J. Robert Brown, Jr. ("Brown") opining that the fee and expense claims are reasonable.

Counsel seek an attorney fee award of 25% of the Settlement Fund ($7,500,000) or $1,875,000 together with submitted expenses of $327,564.74.  Recovery for two lead plaintiffs pursuant to statute is also sought in the amounts of $1,233.93 and $2,500.  The notice to members of the settlement disclosed these claims and no Class Member has objected or sought to be excluded from the settlement.

In reviewing all materials I have considered the so-called *Johnson* factors,

- 1 -

articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), which have been adopted in this circuit, *see Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F3d 849 (10th Cir. 1993).  I have also reviewed the billing information and the opinions of Professor Brown that the hours, hourly rates, total *Lodestar* amount and relationship of the *Lodestar* to the percentage claimed are all reasonable.  Given this record and the absence of objection I conclude that the claims are reasonable.

Accordingly, it is ordered:

1.  Plaintiff's lead counsel are awarded attorney fees of 25% of the settlement, together with interest thereon until paid and expenses in the amount of $327,564.74. Said fees and expenses shall be allocated among Plaintiffs' counsel in a manner which, in Plaintiff's lead counsel's good faith judgment, reflects each such plaintiff's counsel's contribution to the institution, prosecution and resolution of the litigation.

2.  Pursuant to 15 U.S.C. § 78u-4(a)(4) lead plaintiffs Anthony Zigmont and Stuart L. Horn are awarded $1,233.93 and $2,500 respectively.

3.  This order is subject to the terms, conditions and obligations of the Stipulation and in particular ¶ 6.2 thereof.

4.   All capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated May 27, 2009 ("Stipulation").

DATED at Denver, Colorado, on December 21, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge

PDF FINAL